UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CRISTHIA M. ACEVEDO,

                      Plaintiff,

v.

PINNACLE CREDIT SERVICES, L.L.C.,

                      Defendant.

Case No. 15-CV-9760 (KMK)

OPINION & ORDER

Appearances:

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C.
Bronx, NY
*Counsel for Plaintiff*

Daniel Ginzburg
The Ginzburg Law Firm, P.C.
Old Bridge, NJ
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Cristhia M. Acevedo ("Plaintiff") brings this putative Class Action against Pinnacle Credit Services, L.L.C. ("Defendant"), alleging that Defendant engaged in unlawful credit and collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Dkt. No. 1.) Before the Court is Defendant's Motion To Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (Dkt. No. 10.) For the following reasons, the Motion is granted.

I. Background

A. Factual Background

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motion.

Around June 2015, Defendant reported to the credit reporting agencies that Plaintiff had an outstanding debt. (Compl. ¶ 23 (Dkt. No. 1).)[1] Plaintiff hired Asset Protection and Management, Inc. ("Asset Protection") to represent her in inquiring about and challenging the debt. (Id. ¶¶ 24–25.) On July 20, 2015, Whitney Reyes ("Reyes"), an Asset Protection employee, called Defendant and was connected to a recorded greeting which stated that Defendant uses outside services to collect debts and that Defendant regularly updates credit reports but could not guarantee how quickly the credit reporting agencies would amend credit reports to reflect those updates. (Id. ¶ 25.) After the recording finished, Reyes was transferred to Defendant's employee. (Id. ¶ 26.) The employee stated that Plaintiff's account was being handled by Diversified Consultants. (Id. ¶ 27.) Reyes asked the employee if Plaintiff could dispute her account with Defendant. (Id.) In response, the employee said, "We don't handle the accounts here. You have to talk to the agencies." (Id. ¶ 28.) After Reyes asked the employee when Plaintiff's account would be updated, the employee stated, "That's all the information I can give you. Did you listen to the recording before you were transferred over ma'am? It does explain that information to you." (Id. ¶ 29.)

Plaintiff alleges that Defendant violated the FDCPA by reporting Plaintiff's debt to the credit reporting agencies, but then when Plaintiff contacted Defendant to dispute the debt,

---

[1] According to the Complaint, Defendant is a "debt collector" as defined in the FDCPA. (Compl. ¶ 5.)

2

"claimed deceptively and deceitfully that no information was available and no dispute could be recorded." (*Id.* ¶ 32.) Defendant also allegedly violated the FDCPA by "unfairly and unconsciously" directing Plaintiff to contact Diversified Consultants. (*Id.* ¶ 34.)

B. Procedural Background

Plaintiff commenced this putative Class Action against Defendant on December 15, 2015, alleging violations of the FDCPA. (Dkt. No. 1.) Pursuant to a briefing schedule adopted by the Court on April 5, 2016, (Dkt. No. 9), Defendant filed its Motion and supporting papers on April 15, 2016, (Dkt. Nos. 10–12). Plaintiff filed her opposition on June 9, 2016, (Dkt. No. 16), and Defendant filed its reply on June 7, 2016, (Dkt. No. 15).[2]

II. Discussion

A. Applicable Law

1. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a

---

[2] Plaintiff's opposition is dated June 1, 2016. Presumably, Plaintiff served her opposition on Defendant before Defendant filed its reply on ECF.

3

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) (explaining that a court "reviewing a dismissal pursuant to Rule 12(b)(6)" must "accept all factual allegations in the complaint as true" (alteration and internal quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the [c]ourt . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Lastly, a court ruling on a Rule 12(b)(6) motion "may consider the complaint[,] . . . any

written instrument attached to the complaint as an exhibit[,] or any statements or documents incorporated in it by reference," as well as "matters of which judicial notice may be taken, and documents either in [the] plaintiffs' possession or of which [the] plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (alterations and internal quotation marks omitted); *see also Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (internal quotation marks omitted)); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

### 2. FDCPA

The purpose of the FDCPA is to eliminate abusive debt collection practices and establish "certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation marks omitted); *see also Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 487 (S.D.N.Y. 2014) (same). "Debt collectors that violate the FDCPA are strictly liable, meaning that a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (internal quotation marks omitted). Moreover, a single violation is sufficient to subject a debt collector to liability under the statute. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133 (2d Cir. 2010) (noting that "a single violation of the FDCPA is sufficient to impose liability").

"The FDCPA creates a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Miller v.*

*Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (quoting 15 U.S.C. § 1692e). "Section 1692e contains a non-exhaustive list of practices within the purview of this prohibition . . . ." *Id.* Relevant here is § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "A plaintiff may state a claim for an FDCPA violation by alleging that a defendant made a representation that was false or deceptive or misleading." *Russo v. United Recovery Sys., LP*, No. 14-CV-851, 2014 WL 7140498, at *4 (E.D.N.Y. Dec. 12, 2014) (internal quotation marks, emphases, and alteration omitted); *see also Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 313 (E.D.N.Y. 2015) ("A collection letter will be considered deceptive when it could mislead a putative-debtor as to the nature and legal status of the underlying debt, or when it could impede a consumer's ability to respond to or dispute collection." (internal quotation marks and alteration omitted); *cf. Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir. 1996) (finding a violation of § 1692e(10) where a consumer could have read a collection letter to allow her either 30 days or 10 days to dispute her claim). Courts "apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a [communication] violates [§] 1692e." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see also Easterling*, 692 F.3d at 233 ("Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer." (internal quotation marks omitted)). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling*, 692 F.3d at 233 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

6

Also relevant here is the prefatory clause of FDCPA § 1692f, which further bars the use of any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This "clause is followed by a list of specific 'examples of . . . conduct' that constitutes a violation of [§ 1692f]." *Sutton*, 121 F. Supp. 3d at 314 (alteration in original) (quoting *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 236 n.2 (2d Cir. 1998)). Aside from this list of examples, "the FDCPA does not purport to define 'unfair or unconscionable.'" *Rojas v. Forster & Garbus LLP*, No. 13-CV-2825, 2014 WL 3810124, at *5 (E.D.N.Y. July 31, 2014). Indeed, "[c]ourts analyzing claims under [§] 1692f have acknowledged that the phrase . . . is as vague as they come." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) (internal quotation marks and alteration omitted). Nonetheless, "viable claims . . . are generally defined by either (1) the unauthorized taking of money or property . . . , or (2) communicating with a consumer in a manner that will cause their *public* embarrassment or invasion of privacy." *Sutton*, 121 F. Supp. 3d at 315 (collecting cases). "On the other hand, courts have consistently held that relatively innocuous communications that *correctly* inform debtors of their potential liability and are not misleading, deceptive, or abusive of the debt collector's superior economic position do not violate [§] 1692f." *Id.* (internal quotation marks and alterations omitted).

B. Analysis

To prevail on a claim under the FDCPA, three requirements must be met: "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt," "(2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Okyere*, 961 F. Supp. 2d at 529 (some internal quotation marks omitted). Defendant contends that Plaintiff failed to satisfy the third element because she did not plead

7

"that [Defendant's] communication was vague or susceptible to multiple interpretations." (Def.'s Mem. of Law in Supp. of Mot. To Dismiss 5 (Dkt. No. 11).) Defendant further argues that Plaintiff has not pled a § 1692f violation because its conduct is not akin to the conduct that other courts have found actionable. (*Id.* at 8–9.) For the reasons that follow, the Court agrees with Defendant.

Plaintiff has failed to allege a § 1692e(10) violation because she has not pled that Defendant's statements were false, vague, or susceptible to different interpretations. When Reyes called Defendant, she listened to a voice recording informing her that Defendant uses outside services to handle debts. (Compl. ¶ 25.) Reyes was further informed that she could not dispute Plaintiff's account with Defendant, but had to call Diversified Consultants because it was the entity servicing Plaintiff's account. (*Id.* ¶¶ 27.)[3] There is nothing misleading or vague about Defendant's statements. *Cf. Sutton*, 121 F. Supp. 3d at 313 (finding that a collection letter did not violate § 1692e where the letter was "straightforward" and the plaintiff failed to allege "that anything about th[e] repayment arrangement [described in the letter was] threatening, misleading regarding the status of the debt, impede[d] a consumer's ability to respond to or dispute collection, or even [was] open to an inaccurate interpretation"); *McDowall v. Leschack & Grodensky, P.C.*, 279 F. Supp. 2d 197, 200 (S.D.N.Y. 2003) (finding that the plaintiff adequately pled a § 1692e violation where a collection letter failed to specify the amount of interest owed).

Plaintiff contends that the FDCPA must be read broadly and that Defendant is required to respond to Plaintiff's inquiries regarding her debt and Plaintiff should not be required to call "multiple entities to find out what is going on." (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. To

---

[3] The Complaint contains two paragraphs identified as ¶ 27.

Dismiss 4 (Dkt. No. 16).)[4] This argument fails because § 1692e(10) prohibits only the use of false or deceptive means to collect a debt. There is nothing false or deceptive about directing Reyes to contact Diversified Consultants. Indeed, four courts have already rejected this very argument. *See Vernot v. Pinnacle Credit Servs., L.L.C.*, No. 16-CV-3163, 2017 WL 384327, at *4–5 (E.D.N.Y. Jan. 26, 2017); *Nunez v. Pinnacle Credit Servs., L.L.C.*, 15-CV-5538, 2016 WL 7442659, at *3–4 (S.D.N.Y. Dec. 27, 2016); *Green v. Pinnacle Credit Servs., L.L.C.*, No. 15-CV-5344, 2016 WL 5107142, at *1 (E.D.N.Y. Jan. 20, 2016) ("There is certainly nothing in the statute requiring a debt collector to have the first telephone operator that fields a debtor's call mark the debt as disputed; the debt collector is obviously free to have its operator transfer the call to the appropriate person charged with that task."); *Khan v. Pinnacle Credit Servs., LLC*, No. 15-CV-2266, Opinion & Order at 9 (E.D.N.Y. Jan. 27, 2016) (Dkt. No. 23) ("So long as it is made clear to the debtor who wishes to dispute her debt that she is being referred to a third party for that purpose, the court sees nothing inherently abusive, or even misleading, about simply delegating dispute servicing to a third party.").[5] *Vernot* and *Nunez* are particularly relevant here because the facts in those cases are nearly identical to the facts asserted by Plaintiff. Accordingly, Plaintiff's Complaint is dismissed to the extent that it relies upon § 1692e(10).[6]

---

[4] Plaintiff's opposition is unnumbered, and therefore the page number refers to the ECF pagination found at the top of the memorandum.

[5] Defendant included a copy of *Khan* with its motion papers. (*See* Decl. of Daniel Ginzburg in Supp. of Def.'s Mot. To Dismiss Ex. 3 (Dkt. No. 12).)

[6] It is also possible that Plaintiff's § 1692e(10) claim fails because even if Defendant made false statements, those false statements were not made directly to Plaintiff. *See Rojas*, 2014 WL 3810124, at *5 ("Generally, for a misrepresentation to be actionable under the FDCPA, the false statement must be made to the debtor directly and not to counsel."). The Court, however, need not make that determination here.

9

Plaintiff's § 1692f claim also is dismissed. Defendant telling Reyes to call Diversified Consultants to dispute Plaintiff's debt is not "unfair or unconscionable." 15 U.S.C. § 1692f. Indeed, such conduct is far less troubling than conduct that has been found to violate § 1692f. *See Okyere*, 961 F. Supp. 2d at 531(denying motion to dismiss § 1692f claim where defendant seized and retained money from the plaintiff's bank account in violation of a court order); *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) ("Maintaining an invalid lien against a debtor's home falls comfortably within the kinds of practices Congress has identified as unfair under § 1692f of the FDCPA."). Rather, it is the type of "'relatively innocuous' communication[] that do[es] not violate [§] 1692f." *Sutton*, 121 F. Supp. 3d at 316; *see also id.* (finding that a collection letter did not violate § 1692f because the plaintiff did "not allege[] any of the defining characteristics of a claim under [§] 1692f's prefatory [clause]—that [the defendant] has attempted to take his money or property, or that it has caused his public embarrassment"). Nor are Defendant's statements, as pled, false. Thus, Plaintiff has not pled a § 1692f claim.

### C. Leave to Amend

Plaintiff has not requested an opportunity to amend her Complaint. The Court has nonetheless considered the issue and determined that any such request would be futile. Federal Rule of Civil Procedure 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). Leave to amend is futile where "the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff can

plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (italics omitted). Leave to amend is futile here "because, as a matter of law, the communication at issue was not false, deceptive, or misleading to the least sophisticated consumer." *Vernot*, 2017 WL 384327, at *6.

### III. Conclusion

For the reasons stated above, the Motion is granted with prejudice. The Clerk of Court is respectfully requested to terminate the pending Motion, (Dkt. No. 10), and close the case.

SO ORDERED.

DATED:   February 13, 2017
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE